IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CAITRIONA BRADY** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 21-2252 |
| | : | |
| **THE MIDDLE EAST FORUM,** | : | |
| **GREG ROMAN, and DANIEL PIPES** | : | |

# MEMORANDUM

**KEARNEY J.**  October 28, 2021

Caitriona Brady and her lawyer return with a fourth complaint against her former employer alleging discriminatory and retaliatory conduct from three or four years ago. She agreed to settle her discrimination and retaliation claims in early July 2020. We dismissed her claims against the employer and its agents with prejudice on July 6, 2020. She did not seek to vacate or alter our dismissal. Her former employer has allegedly not honored the settlement. She can timely sue to enforce the employer's possible contract obligation but not in this Court unless she meets our subject matter jurisdiction.

She now sues for breach of contract and again alleges discrimination and retaliation claims under Pennsylvania and Philadelphia law she could have, but did not, raise in her earlier dismissed action. Defendants move to dismiss this fourth case arguing her employment claims are barred by res judicata and we lack subject matter jurisdiction over her breach of contract claim without the employment claims. Her lawyer now argues he erred in his twenty-plus earlier instances of sworn facts and asks us to credit new facts which may allow him to argue our earlier dismissal does not bar this case. But we must hold Ms. Brady to her admissions in the complaint before us. We grant in part and deny in part Defendants' motion to dismiss her claims.  We enjoy subject matter jurisdiction from the face of the complaint but dismiss the discrimination and retaliation claims.

I.   **Alleged Facts.**

Caitriona Brady began working at The Middle East Forum in May 2017 as a development associate reporting to supervisors Greg Roman and Daniel Pipes.[1] She alleges discrimination based on sex, a hostile work environment, and retaliation in violation of the Pennsylvania Human Relations Act[2] and the Philadelphia Fair Practices Ordinance.[3] Ms. Brady alleges Defendants subjected her to conduct violating Pennsylvania and Philadelphia discrimination laws from her hiring in May 2017 until November 2018 and again in 2019.[4] She filed a charge of discrimination with the Equal Employment Opportunity Commission on June 20, 2019, dual filed with the Pennsylvania Human Relations Commission and the Philadelphia Commission on Human Relations.[5]

### *Ms. Brady's October 29, 2019 complaint against Defendants.*

Ms. Brady's filed her first complaint against The Middle East Forum, Mr. Roman, and Mr. Pipes on October 29, 2019 alleging discrimination on the basis of her sex, retaliation, and a hostile work environment leading to her constructive discharge in November 2018 in violation of Title VII,[6] the PHRA, and the PFPO.[7]

Ms. Brady then swore she filed a charge of discrimination with the EEOC on June 20, 2019.[8] She alleged the EEOC issued her a right-to-sue letter on July 31, 2019.[9] She conceded her claims under the PHRA and PFPO asserted on October 29, 2019 were not ripe because one year had not passed from the filing of her June 20, 2019 EEOC charge dual filed with the PHRC.[10]

Director Roman and President Pipes moved to dismiss her complaint in *Brady I* arguing her PHRA and PFPO claims were not yet ripe.[11] We dismissed Director Roman, President Pipes, and Mr. Bennett without prejudice.[12] Ms. Brady did not amend her complaint to sue the individuals after her PHRA and PFPO claims became ripe on June 20, 2020.

Ms. Brady amended her complaint in *Brady I* on April 9, 2020 asserting disparate treatment, hostile work environment, and retaliation claims in violation of Title VII against The Middle East Forum only.[13] On July 6, 2020, we dismissed Ms. Brady's claims with prejudice after the parties advised us of their agreement to resolve the matter.[14] The operative complaint at the time of our July 6, 2020 order alleged violations of Title VII against The Middle East Forum only. Ms. Brady's PHRA and PFPO claims became ripe on June 20, 2020 – after she filed her April 9, 2020 second amended complaint – and before our July 6, 2020 Order dismissing her complaint with prejudice, but she did not amend her complaint to include the state statutory claims or to sue the individual defendants. She did not ask us to vacate or alter the dismissal.

### *The parties' settlement agreement.*

The parties entered a settlement agreement for an undisclosed amount in July 2020. The Middle East Forum and Mr. Roman have not honored the agreement.[15] She concedes the settlement payment does not exceed $75,000.

**II.     Analysis**

The Middle East Forum, Director Pipes, and President Roman move to dismiss.[16] They argue (1) the state law statutory claims under the PHRA and PFPO claims are barred by claim preclusion or res judicata; and, (2) we lack jurisdiction over the breach of contract claim because it does not exceed the $75,000 jurisdictional limit.[17]

Ms. Brady responds res judicata does not apply because she could not have brought her PHRA and PFPO claims at the time we dismissed *Brady I* on July 6, 2020.[18] But she swore to us in this case weeks ago of filing her first administrative claim on June 20, 2019.[19] For the first time in this or the three earlier litigations against The Middle East Forum and its officers, Ms. Brady's lawyer now argues–contrary to her sworn statements—he did not file an EEOC charge until July

18, 2019 and her state statutory claims would not have been ripe until July 18, 2020, twelve days *after* we dismissed *Brady I* with prejudice.[20] Despite her multiple pleadings of a June 20, 2019 EEOC charge dual filed with the PHRC and the Philadelphia Commission on Human Relations, Ms. Brady astonishingly argues **Defendants** incorrectly identify June 20, 2019 as the administrative charge date. She steps into the brazen and unsworn world of making claims in briefs contrary to her several sworn statements. She places her finances and her counsel's license at risk. But the bottom line today is Ms. Brady cannot amend her complaint through her lawyer's undocumented response to Defendants' motion to dismiss.

We grant Defendants' motion to dismiss Ms. Brady's Pennsylvania and Philadelphia discrimination and retaliation claims as barred by res judicata. We deny Defendants' motion we lack subject matter jurisdiction.

### A.     We enjoy subject matter jurisdiction considering all claims.

Ms. Brady invokes our jurisdiction based on diversity under 28 U.S.C. § 1332(a)(1).[21] She alleges she is a citizen of New Jersey; The Middle East Forum is a Pennsylvania corporation with its principal place of business in Philadelphia; and Director Pipes and President Roman are citizens of Pennsylvania.[22] She alleges an amount in controversy in excess of the $75,000 jurisdictional threshold based on damages available under the PHRA and PFPO and her contract claim.

Defendants argue we lack jurisdiction over Ms. Brady's contract claim and we must dismiss it under Rule 12(b)(1). They argue "[u]pon dismissal of the PHRA and PFPO claims due to claim preclusion, the only remaining claim … is for an alleged breach of contract."[23] They argue with the PHRA and PFPO claims dismissed, Ms. Brady's only remaining claim – contract claim – does not exceed $75,000. Defendants put the proverbial cart before the horse.

4

When faced with a motion to dismiss under Rule 12(b)(1) and (b)(6), we consider the jurisdictional ground first because if we lack jurisdiction to hear the case, we lack jurisdiction to rule on the merits of the case.[24] We determine whether diversity jurisdiction exists "by examining 'the facts as they exist when the complaint is filed.'"[25] Our "temporal focus … is on the time that the complaint is filed."[26] "Subsequent events cannot reduce the amount in controversy so as to deprive the district court of jurisdiction … nor can later events increase the amount in controversy and give rise to jurisdiction that did not properly exist at the time of the complaint's filing."[27]

We look to the face of Ms. Brady's complaint and accept her good faith allegations to determine the amount in controversy.[28] Ms. Brady has the burden of satisfying the amount in controversy but it "is not especially onerous" and the amount of damages pleaded "controls if the claim is apparently made in good faith. It must appear to a *legal certainty* that the claim is really for less than the jurisdictional amount to justify dismissal."[29] Our evaluation of whether Ms. Brady pleads the jurisdictional amount is not affected by a potential defense like res judicata or statute of limitations.[30] Ms. Brady's claim of damages more than $75,000 is legally impossible for jurisdictional purposes when a statute or contract caps the amount of damages or a nominal claim with punitive damages could still not exceed more than $75,000 consistent with due process.[31]

Ms. Brady alleges the amount in controversy exceeds $75,000 considering her Pennsylvania and Philadelphia discrimination and retaliation claims, including uncapped punitive damages, damages for emotional distress, and her breach of contract claim. Defendants assert the valid defense of res judicata and argue the contract claim has limited damages as a matter of common law. These are defenses not based on statutory or contract caps. Although she concedes the value of the settlement agreement alone does not reach the $75,000 threshold, her damages plead in her complaint in the aggregate exceed the jurisdictional threshold. On the face of her

complaint, she pleads an amount in controversy more than $75,000. Our dismissal of her Pennsylvania and Philadelphia claims as barred by claim preclusion does not divest us of subject matter jurisdiction at the time she filed the complaint. We deny Defendants' motion to dismiss for lack of subject matter jurisdiction.

### B. Ms. Brady's state discrimination and retaliation claims are barred by res judicata.

Defendants move to dismiss Ms. Brady's Pennsylvania and Philadelphia claims as barred by claim preclusion or res judicata. "Res judicata, also known as claim preclusion, bars a party from initiating a second suit against the same adversary based on the same 'cause of action' as the first suit."[32] Claim preclusion bars an action when three elements are present: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action."[33] To determine whether the elements exist, we are cautioned by our Court of Appeals not to "proceed mechanically, 'but focus on the central purpose of the doctrine, to require a plaintiff to present all claims arising out of the same occurrence in a single suit. In so doing, we avoid piecemeal litigation and conserve judicial resources.'"[34] The doctrine "bars not only claims that were brought in a previous action, but also claims that *could have* been brought."[35]

Defendants argue all three elements are met here: (1) our July 6, 2020 Order dismissing with prejudice *Brady I* is a final judgment on the merits; (2) this case involves the same parties or their privies as *Brady I*; and (3) this case is based on the same cause of action as *Brady I*. Defendants argue Ms. Brady pleaded she filed an EEOC charge on June 20, 2019 dual filed with the PHRC and the Philadelphia Commission on Human Relations; those claims became ripe a year later on June 20, 2020; she did not amend her complaint after June 20, 2020 to add her PHRA and PFPO claims; and instead voluntarily and unilaterally dismissed her claims with prejudice on July

6

6, 2020. Ms. Brady could have pleaded her PHRA and PFPO claims before the July 6, 2020 dismissal. She chose not to. Her claims are barred by claim preclusion.

Ms. Brady responds claim preclusion does not apply because as of July 6, 2020: (1) only her Title VII claims against The Middle East Forum were at issue; (2) neither Mr. Roman nor Mr. Pipes were parties to the federal Title VII claims because there is no individual liability under Title VII; (3) her PHRA and PFPO were not ripe because she did not file a charge of discrimination with the PHRC and Philadelphia Commission until July 18, 2019 and she could not have, as a matter of law, filed her PHRA and PFPO claims.

We reject Ms. Brady's rewrite of her sworn judicial admissions. She cannot amend a complaint through her response to Defendants' motion to dismiss. She now needs to swear to a different date than her lawyers swore to us for years in four lawsuits.

Ms. Brady sued The Middle East Forum, Director Pipes, and President Roman in *Brady I* under Title VII (where there is no individual liability), the PHRA, and PFPO.[36] She swore she filed a charge with the EEOC, dual filed with the PHRC and Philadelphia Commission on June 20, 2019. She swore her state statutory claims were not ripe and she intended to amend her complaint to include the PHRA and PFPO claims.[37] After Messrs. Pipes, Roman, and Bennett moved to dismiss the unripe PHRA and PFPO claims, Ms. Brady voluntarily amended her complaint to drop the individual defendants and proceed against The Middle East Forum on her Title VII claims and state law tort claims.[38] She filed a second amended complaint in *Brady I* on April 9, 2020 alleging Title VII claims against The Middle East Forum and state law tort claims.[39]

She never moved to amend her complaint to add back in her PHRA and PFPO claims against the individual Defendants after those claims ripened on June 20, 2020. She voluntarily agreed to a settlement with The Middle East Forum and we dismissed her claims with prejudice

7

on July 6, 2020. Between June 20, 2020 and July 6, 2020, Ms. Brady could have, but did not, honor her promise to amend her complaint to bring PHRA and PFPO claims against Director Pipes and President Roman based on the same facts as the Title VII claims against The Middle East Forum.

We hold Ms. Brady to the allegations of her complaint trusting she, and her lawyer, recognize the risks of false representations to federal courts.[40] She could have, but chose not, to amend her complaint to add Director Pipes and President Roman on the PHRA and PFPO claims. Our July 6, 2020 Order in *Brady I* is a final judgment on the merits involving the same parties or their privies and her current complaint is based on the same cause of action. Claim preclusion applies. We dismiss her complaint. We may allow her to amend her complaint under our case management order consistent with this memorandum and compliant with Federal Rule of Civil Procedure 11 so long as she attaches all charges of discrimination she contends she filed with any agency, federal or state, including the June 20, 2019, July 18, 2019, and December 18, 2019 administrative charges and corresponding right-to-sue letters from any federal or state agency.

## III.  Conclusion

Ms. Brady now tries for the fourth time to recover for conduct occurring in her former job. She brought this claim years ago under federal law and swore, at least twenty times, as to the date of her administrative process as required to show exhaustion. She settled those claims for an amount less than $75,000. The employer apparently failed to honor the agreement. Ms. Brady now tries to resurrect the earlier dismissed claims, including claims she could have brought under Pennsylvania law based upon her sworn representations.

We retain subject matter jurisdiction as Ms. Brady's claims arising from the same facts against the same parties arguably seek more than $75,000.  We then turn to whether she states a claim.  Ms. Brady's Pennsylvania and Philadelphia discrimination claims are barred by res judicata

as she could have brought those claims in the earlier filed lawsuit but she chose to instead settle and dismiss her claims with prejudice. She may proceed on her claims for breach of the settlement agreement as the only challenge to this claim is based on our subject matter jurisdiction.

---

[1] ECF Doc. No. 15, ¶¶ 27-30. Ms. Brady alleges Mr. Roman is the Director and Mr. Pipes is the President of The Middle East Forum. *Id.* ¶¶ 4, 5.

[2] 43 Pa. Stat. § 951, *et seq.* ("PHRA").

[3] Phila. Code, Title 9, §9-1100, *et seq.* ("PFPO").

[4] ECF Doc. No. 15 ¶¶ 31, 32.

[5] *Id.* ¶¶ 17, 33, 34, 46, 48.

[6] 42 U.S.C. § 2000e *et seq.*

[7] ECF Doc. No. 15 at ¶ 341. Ms. Brady captioned her October 29, 2019 action as *Brady v. The Middle East Forum, et al.*, No. 19-5082 ("*Brady I*"). She also sued Matthew Bennett, a supervisor, who she later dropped as a defendant in an amended complaint. *See Brady I*, No. 19-5082, at ECF Doc. No. 11.

[8] *Brady I*, No. 19-5082, ECF Doc. No. 1 ¶ 14; ECF Doc. No. 30 ¶¶ 11, 18, 25.

[9] *Brady I*, No. 19-5082, ECF Doc. No. 30 ¶ 13.

[10] *Brady I*, No. 19-5082, ECF Doc. No. 30 ¶ 12. She alleges she intended to amend her complaint after her state law claims became ripe. *Id.* Under the PHRA, a complainant may bring a lawsuit after one year after filing a complaint with the PHRC. 43 Pa. Stat. § 962(c)(1).

[11] *Brady I*, No. 19-5082, ECF Doc. No. 9.

[12] *Brady I*, No. 19-5082, ECF Doc. No. 13.

[13] *Brady I*, No. 19-5082, ECF Doc. No. 30. She also asserted Pennsylvania common law tort claims.

[14] *Brady I*, No. 19-5092, ECF Doc. No. 61.

[15] ECF Doc. No. 15 ¶¶ 340-365.

[16] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies the

plausibility standard when the facts alleged "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Burtch v. Millberg Factors, Inc.*, 662 F.3d 212, 220-21 (3d Cir. 2011) (citing *Iqbal*, 556 U.S. at 678). While the plausibility standard is not "akin to a 'probability requirement,'" there nevertheless must be more than a "sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief'" *Id.* (quoting *Twombly*, 550 U.S. at 557). The Court of Appeals requires us to apply a three-step analysis under a 12(b)(6) motion: (1) "it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim;'" (2) "it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Connelly v. Lane Construction Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 675, 679); *see also Burtch*, 662 F.3d at 221; *Malleus v. George*, 641 F.3d 560, 563 (3d. Cir. 2011); *Santiago v. Warminster Township*, 629 F.3d 121, 130 (3d. Cir. 2010).

A motion to dismiss under Rule 12(b)(1) is an objection to our subject matter jurisdiction challenging our "very power to hear the case." *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006) (quoting *Mortensen v. First Fed. Sav. & Loan*, 549 F.2d 884, 891 (3d Cir. 1977)) (footnote omitted). Motions to dismiss under Rule 12(b)(1) fall into two categories; a facial or factual attack to jurisdiction. *Gould Elec., Inc. v. United States*, 229 F.3d 169, 176 (3d Cir. 2000). A facial attack "challenges subject matter jurisdiction without disputing the facts alleged in the complaint, and it requires the court to 'consider the allegations of the complaint as true.'" *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016) (quoting *Petruska. v. Gannon Univ.*, 462 F.3d 294, 302 n. 3 (3d Cir. 2006)).

[17] ECF Doc. 19.

[18] ECF Doc. No. 21.

[19] Ms. Brady swore in her four actions against The Middle East Forum, Mr. Pipes, and Mr. Roman she filed an EEOC charge, dual filed with the PHRC and Philadelphia Commission on Human Relations, on June 20, 2019 making her claims under Title VII timely filed. *See Brady v. The Middle East Forum, et al.*, No. 19-5082 ("*Brady I*") ECF Doc. No. 1 ¶ 14; ECF Doc. No. 11 ¶¶ 13, 20, 27; and ECF Doc. No. 30 ¶¶ 11, 18, 25; *Brady v. The Middle East Forum*, No. 20-1697 ("*Brady II*") ECF Doc. No. 1 ¶ 18; *Brady v. The Middle East Forum, et al.*, No. 21-1934 ("*Brady III*") ECF Doc. No. 1 ¶¶ 11, 19, 20, 32, 34; and in this action, *Brady IV* at ECF Doc. No. 1 ¶¶ 11, 19, 20, 32, 34; ECF Doc. No. 10 ¶¶ 11, 27, 28, 40, 42; and ECF Doc. No. 15 ¶¶ 17, 33, 34, 46, 48.

In *Brady II*, No. 20-1697, Ms. Brady alleged she filed a charge with the EEOC on June 20, 2019 **and** December 18, 2019. *See* ECF Doc. No. 1 ¶¶ 7, 18. She never pleaded she filed an EEOC charge on July 18, 2019.

[20] Ms. Brady attaches to her response brief a copy of an email her counsel sent to the EEOC dated July 18, 2019 purportedly attaching a "new Charge of Discrimination for … Caitriona Brady" and immediately requesting a right-to-sue letter. She attaches a July 18, 2019 letter from the EEOC

acknowledging receipt of EEOC Charge No. 530-2019-05028. *See* ECF Doc. No. 21-7. The July 18, 2019 letter from the EEOC is ***not*** the charging document.

[21] We may exercise jurisdiction in "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between … citizens of different States …. The party asserting diversity jurisdiction bears the burden of proof which she may meet by proving diversity of citizenship by a preponderance of the evidence. *McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2006) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

[22] ECF Doc. No. 15 ¶¶ 7-12.

[23] ECF Doc. No. 19 at 9-10.

[24] *Watson v. Dep't of Servs. for Children, Youths and Their Families Delaware*, 932 F. Supp. 2d 615, 619 (D. Del. 2013) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 895 n.22 (3d Cir. 1977)); *Xiaoxing Xi v. Haugen*, No. 17-2132, 2021 WL 1224164 at *7 (E.D. Pa. Apr. 1, 2021) (collecting cases); 1 MOORE'S MANUAL--FEDERAL PRACTICE AND PROCEDURE § 5.74 (2021) ("The court must determine the amount in controversy as of the commencement of the action, which means that the court should determine whether the jurisdictional minimum amount requirement is satisfied as of the time the complaint is filed.").

[25] *Onyiuke v. Cheap Tickets, Inc.*, 435 F. App'x 137, 138-39 (3d Cir. 2011) (quoting *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830 (1989)).

[26] *Auto-Owners Ins. Co. v. Stevens & Ricci, Inc.*, 835 F.3d 388, 395 (3d Cir. 2016) (quoting *Suber v. Chrysler Corp.*, 104 F.3d 578, 583 (3d Cir. 1997)).

[27] *Auto-Owners Ins. Co.*, 835 F.3d at 396 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938)).

[28] *Dolin v. Asian Am. Accessories, Inc.*, 449 F. App'x 216, 218 (3d Cir. 2011) (citing *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961) and *Frederico v. Home Depot*, 507 F.3d 188, 194 (3d Cir. 2007)).

[29] *Quinones-Velazquez v. Maroulis*, 677 F. App'x 801, 802-03 (3d Cir. 2017) (quoting *Auto-Owners Ins.*, 835 F.3d at 395) (emphasis in original).

[30] *Scherer v. Equitable Life Assur. Soc. of U.S.*, 347 F.3d 394, 398 (2d Cir. 2003).

[31] *See Charvat v. GVN Michigan, Inc.*, 561 F.3d 623, 629-630 (6th Cir. 2009) (statutory limits and due process on punitive damages); *Valhal Corp. v. Sullivan Assocs., Inc.*, 44 F.3d 195, 209 (3d Cir. 1995) (contract limit if valid and enforceable as a matter of contract).

[32] *Russomanno v. Dugan*, No. 21-2004, 2021 WL 4075790, at *2 (3d Cir. Sept. 8, 2021) (quoting *Duhaney v. Attorney Gen. of the United States*, 621 F.3d 340, 347 (3d Cir. 2010)).

---

[33] *Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016) (quoting *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir. 1991)).

[34] *Davis*, 824 F.3d at 341 (quoting *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 277 (3d Cir. 2014)).

[35] *Davis*, 824 F.3d at 342 (quoting *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008)) (emphasis added).

[36] *Brady I*, No. 19-5082, ECF Doc. No. 1.

[37] *Id.* ECF Doc. No. 1, ¶¶ 14 - 15.

[38] *Brady I*, No. 19-5082, ECF Doc. No. 11.

[39] *Brady I*, No. 19-5082, ECF Doc. No. 30.

[40] Ms. Brady for the first time in this litigation and the three other actions she brought against these Defendants, she filed an EEOC complaint on July 18, 2019 ***not*** June 20, 2019, making her claims unripe at the time of our July 6, 2020 dismissal of her complaint with prejudice. Ms. Brady consistently pleaded she filed and EEOC complaint, dual filed with the PHRC and Philadelphia Commission, on June 20, 2019. She cannot amend her complaint by asserting new facts in her response to Defendants' motion to dismiss.*Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984), *cert. denied*, 470 U.S. 1054 (1984)). *See also Frederico v. Home Depot*, 507 F.3d 188, 201-02 (3d Cir. 2007) ("we do not consider after-the fact allegations in determining the sufficiency of her complaint under Rules 9(b) and 12(b)(6).").